# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **GLENDA TUCKER,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.: 4:20-cv-01558-ACA |
| ] | |
| **TRANSAMERICA LIFE INSURANCE** ] | |
| **COMPANY, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Glenda Tucker filed this lawsuit in state court against Transamerica Life Insurance Company ("TLIC"), claiming that TLIC breached the terms of a long term care insurance policy it issued to Ms. Tucker. (Doc. 1-1 at 3–5). TLIC removed the case to federal court, invoking its diversity of citizenship jurisdiction. (Doc. 1). Ms. Tucker then filed an amended complaint, adding Jerry Wayne Borden as a Defendant. (Doc. 7). Before the court is TLIC's motion to deny joinder of Mr. Borden as a Defendant. (Doc 15).

Having considered the relevant factors in determining whether to permit joinder, the court **GRANTS** TLIC's motion.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In January 2000, TLIC's predecessor company issued a long term care insurance policy to Ms. Tucker. (Doc. 1-1 at 3, ¶ 1). TLIC's agent, Jerry Borden, told Ms. Tucker that if Ms. Tucker's health or physical condition ever required, TLIC would pay for modifications to her home to allow her to manage her care. (*Id.*).

Nineteen years later, Ms. Tucker had a severe stroke that left her paralyzed on the left side. (*Id.* at 3, ¶ 2). When she was discharged home, she was unable to navigate her wheelchair into the bathroom. (Doc. 1-1 at 3, ¶ 2). In addition, Ms. Tucker's doctor ordered a number of accommodations to the bathroom, including a roll in shower, a roll up sink, and handholds. (*Id.*). Ms. Tucker and her husband entered a contract with a contractor to remodel the bathroom for just over $22,000.00 and submitted a claim for reimbursement to TLIC. (*Id.* at 4, ¶ 2; Doc. 1-1 at 4, ¶ 4). TLIC denied Ms. Tucker's claim. (Doc. 1-1 at 4, ¶ 5).

Ms. Tucker filed suit against TLIC in state court, asserting state law claims for breach of contract, bad faith, outrage, and fraud. (Doc. 1-1 at 3–5). Invoking the court's diversity of citizenship jurisdiction, TLIC removed the case to this court. (Doc. 1). Twenty days later, Ms. Tucker filed an amended complaint. (Doc. 7). In addition to the claims asserted in the original complaint, the amended complaint added claims for deceptive trade practices, promissory fraud, and

general business practice of denying claims against TLIC.  (*Id.* at ¶¶ 30–52).  The amended complaint also added Mr. Borden as a party Defendant.  (*Id.* at ¶ 3).  Like Ms. Tucker, Mr. Borden is an Alabama citizen.  (Doc. 1 at ¶ 7; Doc. 11 at ¶ 1).

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  The court has "only two options: (1) deny joinder; or (2) permit joinder and remand [the] case to state court."  *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).  "[T]he decision to grant or deny a post-removal motion to amend a complaint which would destroy the subject matter jurisdiction of the federal court is discretionary."  *Worley v. Pfizer, Inc.*, 535 F. Supp. 2d 1252, 1254 (M.D. Ala. 2008).

To determine whether to allow joinder, the court examines several factors, including: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities."  *Jones v. Rent-A-Center East, Inc.*, 356 F. Supp. 2d 1273, 1275 (M.D. Ala. 2005) (citing *Hensgens*

*v. Deere and Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied,* 493 U.S. 851 (1989)).[1]

TLIC argues that Ms. Tucker's amended complaint is obviously intended to defeat federal jurisdiction because Ms. Tucker was aware of Mr. Borden's identity and involvement in her alleged injury before she filed the original complaint (doc. 15 at 4–5) and because any claim against Mr. Borden is barred by the statute of repose (doc. 15 at 4–7). Given the totality of the circumstances surrounding Ms. Tucker's decision to exclude Mr. Borden as a party to her initial complaint (*see* doc. 18 at 1–2), the court is not convinced that joining Mr. Borden as a defendant only after removal creates an inference that she was motivated by a desire to defeat jurisdiction. But the decision to join Mr. Borden in the amended complaint by asserting only claims barred by the statute of repose raises the strong inference that Ms. Tucker's decision to bring these claims was motivated by a desire to defeat jurisdiction.

The relative strength or weakness of a plaintiff's claims against the non-diverse defendant she attempts to join is a relevant factor "in the analysis of whether a plaintiff's purpose in adding a non-diverse defendant is to defeat subject matter jurisdiction." *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275,

---

[1] *Hensgens* pre-dates enactment of § 1447(e), but the analysis remains relevant, and district courts in the Eleventh Circuit continue to apply *Hensgens* under the current statutory scheme. *See e.g., Jones*, 356 F. Supp. 2d at 1275 n.1; *Delorenzo v. Wal-Mart Stores, Inc.*, 2017 WL 6525009, at *2 n.3 (N.D. Ala. Dec. 21, 2017) (collecting cases).


1280 (N.D. Ala. 2002). Here, TLIC contends that Ms. Tucker's fraud claim against Mr. Borden is not just weak; it is barred. According to TLIC, because Mr. Borden's alleged misrepresentations occurred more than twenty years before Ms. Tucker filed her lawsuit, the claim is barred by Alabama's twenty-year rule of repose. (Doc. 15 at 5–7).

Under Alabama law, "causes of action asserted . . . more than [twenty] years after they could have been asserted have been considered to have been extinguished by the rule of repose." *Ex parte Liberty Nat. Life Ins. Co.*, 825 So. 2d 758, 763 (Ala. 2002). The rule of repose is broader than the statute of limitations; the passage of twenty years creates the conclusive presumption that the claim is extinguished and operates as an "absolute bar" to that claim. *Id.* at 764–765 (citations omitted). And, the twenty-year period "begins to run against claims the first time those claims *could* have been asserted, regardless of the claimant's notice of a claim." *Id.* at 764 (emphasis added). Thus, it appears that all claims Ms. Tucker had against Mr. Borden are extinguished as a matter of law and creates a strong inference that Ms. Tucker's only purpose in amending the complaint to add Mr. Borden was to destroy this court's subject matter jurisdiction.

Moreover, the court notes that equities weigh in favor of amendment. "In balancing the equities, the parties do not start out on an equal footing" because diverse defendants have a statutory right to choose between a state or federal

forum. *Bevels v. American States Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000). TLIC contends that its interest in keeping this case in federal court outweighs Ms. Tucker's interest in adding Mr. Borden as a Defendant. (Doc. 12 at 4). And here, because Ms. Tucker's claims against Mr. Borden appear to be barred by the statute of repose, there is no "danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" to weigh against TLIC's right to select this forum to defend the claims asserted against it. *Hensgens*, 833 F.2d at 1182. Therefore, the equities weigh in granting TLIC's motion.

## III. CONCLUSION

For the reasons stated above, the court **GRANTS** TLIC's motion to deny joinder. (Doc. 8).

**DONE** and **ORDERED** this January 13, 2021.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE